UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHAEL ZAHRECIYAN,

    Plaintiff,                                 CASE NO.

v.

MRS ASSOCIATES, INC.,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MICHAEL ZAHRECIYAN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, MRS ASSOCIATES, INC. ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5. Plaintiffs are natural persons who reside in Boca Raton, Palm Beach County, Florida.

VERIFIED COMPLAINT           1

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office located in Cherry Hill, New Jersey.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged auto loan deficiency owed to Chrysler.

12. Defendant has been placing collection calls to Plaintiff since approximately Mid-June of 2010.

13. Defendant has been placing on average one (1) to three (3) collection calls a day to Plaintiff regarding the alleged debt.

14. Plaintiff has spoken with Defendant's agents and verbally objected to the volume of calls he has received to which Defendant responded that it would call as much as it wanted to.

15. Defendant has threatened legal action, namely a civil lawsuit, against Plaintiff if immediate payment of the debt was not made.

16. To the best of Plaintiff's knowledge, no such legal action has been taken by the Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c) Defendant violated *§1692e(5)* of the FDCPA by falsely threatening Plaintiff with legal action despite that Defendant has not, and doe not, intend to carry out such action.

d) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt from Plaintiff.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By:   /s/ James Pacitti
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:    (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiffs
FBN: 119768


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL ZAHRECIYAN hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, MICHAEL ZAHRECIYAN, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHAEL ZAHRECIYAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-4-10

_____
MICHAEL ZAHRECIYAN,
Plaintiff